**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WILLIAM HUSKO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MONACO COACH CORPORATION, ) <br> ) <br> Defendant. ) | FILED: JUNE 24, 2008 <br> 08CV3603 <br> JUDGE KENNELLY <br> MAGISTRATE JUDGE SCHENKIER <br> No. YM |

### COMPLAINT

NOW COMES the Plaintiff, WILLIAM HUSKO, by and through attorneys, WEISBERG & MEYERS, LLC., complaining against the Defendant, MONACO COACH CORPORATION, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual damages for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq., its governing regulations, 16 C.F.R. §700 et. seq., and state warranty law.

### JURISDICTION AND VENUE

2. Jurisdiction exists pursuant to 28 U.S.C. § 1331 because this cause involves a federal question pursuant to the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq. Jurisdiction is also conferred at 15 U.S.C. § 2310(d) as the amount in controversy exceeds fifty thousand dollars ($50,000.00). The amount in controversy exceeds $50,000.00 in terms of the price of the Motor Home, including all collateral charges, diminished value of the Motor Home and incidental and consequential damages.

That is, if Defendant was forced to accept return of the Motor Home, and received an offset for Plaintiff's use, the total amount Defendant would have to return would exceed fifty thousand dollars. Likewise, even if Defendant was not ordered to accept return of the Motor Home, Plaintiff's damages still exceed fifty thousand dollars as Defendant's limited remedy failed of its essential purpose, thereby entitling Plaintiff to diminished value and incidental and consequential damages, including but not limited to cover, loss of use, aggravation and inconvenience, the sum total of which exceeds fifty thousand dollars.

## **PARTIES**

3.      Plaintiff, WILLIAM HUSKO ("Consumer" "Plaintiff"), is an individual who was at all times relevant hereto in the City of Wauconda, State of Illinois.

4.      Defendant, MONACO COACH CORPORATION ("Full Warrantor"1), is a foreign corporation authorized to do business in the State of Illinois and is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated Motor Homes and related equipment and services, such as written warranties. Full Warrantor supplies its products under its own brand name and provides services to the public at large through a system of authorized sales and repair/service centers ("authorized agents").

---

1 Meaning Monaco is the warrantor of the entire Motor Home, not that Monaco provided a full warranty a defined by 15 U.S.C. §2304.

## ALLEGATIONS

5.     On or about August 23, 2007, Consumer purchased a 2008 Beaver Contessa Pacifica ("Motor Home"), constructed, integrated and supplied by Full Warrantor, Identification No. 1RF49564483045993. Consumer's total financial commitment for this purchase was $569,498.89 inclusive of all collateral charges incurred at the time of purchase. See Purchase Order, attached hereto as Exhibit "A."

6.     In connection with Consumer's purchase of the Motor Home, Full Warrantor issued and supplied to Consumer its written warranty, which represented itself and was represented by Full Warrantor's authorized sales agents and advertisements as offering coverage on the entire Motor Home and all its parts, components and features, as well as other warranties fully outlined in Full Warrantor's warranty documents. Full Warrantor intended Consumer to view the fact the Motor Home was "warranted" as an assurance of the Motor Home's quality, thereby inducing Consumer's purchase.

7.     Consumer did not separately negotiate the purchase and construction of the Motor Home and its components with any entity other than Full Warrantor and its agents. Full Warrantor unilaterally selected, negotiated with and acquired all components for its Motor Home and then integrated said components into its final product, the 2008 Beaver Contessa Pacifica, which it supplied to Plaintiff as a fully completed and integrated product.  Full Warrantor also modified components in its final product, including but not limited to the chassis, thereby taking full responsibility for the entire final product, including but not limited to all parts it installed, supplied, and modified.

8. After Consumer's purchase of the Motor Home, Full Warrantor completely disclosed the terms of its warranty; said terms were not an assurance of quality but rather attempted to limit Full Warrantor's warranty obligations to repair or replacement of defects in material and workmanship. Said warranty documents also contained various other terms not previously disclosed, negotiated or agreed to, including but not limited to limitations on damages for Full Warrantor's breach of warranty.

9. By inducing Consumer's purchase with a warranty attempting to limit Full Warrantor's warranty obligations to nothing but repair or replacement of parts defective in material and workmanship, Full Warrantor was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of a warranty restricted to repair or replacement of defective parts.

10. On or about the aforementioned date, Consumer took possession of the Motor Home and shortly thereafter experienced various defects and non-conformities within the same that diminish its value and/or substantially impair its use and value to Consumer. These defects include, but are not limited to defective slides; defective climate control system; persistent air leaks/gaps; defective exterior and interior trim; persistent accumulation of standing water; defective roof; defective furniture/furnishings; defective fit and finish; defective seat belts; defective paint; persistent pulling; defective alarm; defective keyless entry; defective fiberglass; defective stereo system; defective piping/tubing; missing insulation; defective refrigerator; and, and, any other complaints actually made, whether contained on Full Warrantor's invoices or not.

11. For any defect repairable, Consumer provided Full Warrantor, through its authorized repair network and itself, a sufficient opportunity to repair the defects, non-conformities and conditions within the Motor Home and its components.

12. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Full Warrantor failed to do so and thus its warranty failed of its essential purpose.

13. Warrantor's failure to correct said defects violate Full Warrantor's statutory and common law duties to Consumer and the expectations created in its promotional documents and written warranty documents.

14. Consumer avers that as a result of the ineffective repair attempts made by Full Warrantor, the Motor Home cannot be utilized as intended by Consumer at the time of acquisition and that the use and value of the Motor Home has been diminished and/or substantially impaired to Consumer.

15. Consumer relied on Full Warrantor's product advertisements (written, verbal, electronic and/or otherwise) regarding the length and duration of Full Warrantor's warranty and also relied on Full Warrantor's sales agent's representations regarding the same when deciding to purchase the Motor Home. Consumer also relied on Full Warrantor's statements or representations of general policy concerning customer satisfaction when deciding to purchase the Motor Home. Full Warrantor's failure to meet these statements or representations of general policy concerning customer satisfaction is a violation of 16 C.F.R. §700.5.

16. Full Warrantor's written warranty fails to identify in a single document all warrantors other than itself as required by 16 C.F.R. § 701.3. Full Warrantor's failure to identify in a single document all warrantors' other than itself constitutes an adoption of all other warranties as contemplated by 16 C.F.R. § 700.4.

17. Full Warrantor knew that its written warranty did not warranty all component parts. Plaintiff was at all relevant times ignorant that Full Warrantor excluded many/all components from its warranty. Nonetheless, Full Warrantor through its actions described herein intended Plaintiff to believe it warranted the entire Motor Home including all component parts and/or Plaintiff had a reasonable right to believe Full Warrantor warranted the entire Motor Home including all component parts because of Full Warrantor's actions.

18. Full Warrantor's distribution of the product with promotional documents bearing its name only and identifying all the components in the Motor Home yet failing to identify all other warrantors constitutes an affirmative representation that Full Warrantor was responsible for the Motor Home in its entirety and all components so identified. Full Warrantor's post-sale attempt to exclude components and responsibilities undertaken in pre-sale advertisements, documents, negotiations and representations are unconscionable, constitute a false promise or representation made in connection with the sale or advertisement of merchandise, and a deceptive warranty pursuant to 15 U.S.C. § 2310(c).

19. Full Warrantor's written warranty is replete with limitations and disclaimers never make known to Consumer prior to sale. Full Warrantor's failure to

disclose all its disclaimers and limitations prior to sale constitute a violation of 15 U.S.C. § 2302 and 16 C.F.R. § 702.3.

20. Consumer provided Full Warrantor written notification of the defects within the Motor Home, Full Warrantor's statutory and common law violations, and Consumer's demand for compensation for the same on March 13, 2008. See Notice Letter, attached hereto as Exhibit "B

21. Full Warrantor refused Consumer's demand for compensation and has refused to provide Consumer with the remedies to which Consumer is entitled.

22. Consumer has been and will continue to be financially damaged due to Full Warrantor's conduct as described herein.

23. Consumer has met all obligations and preconditions as provided in Full Warrantor's warranty and by statute(s).

24. As a direct and proximate result of Full Warrantor's failure to comply with its statutory written warranties, warranties, statutory obligations, and common law duties, Consumer has suffered damages and, in accordance with 15 U.S.C. §2310(d), Consumer is entitled to bring suit for such damages and other legal and equitable relief.

25. Plaintiff demands trial by jury on all issues so triable.

## CLAIMS ASSERTED

### COUNT I
### BREACH OF WRITTEN WARRANTY (15 U.S.C. §2301(6)) PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
### FULL WARRANTOR

26. Plaintiff hereby reincorporates by reference paragraphs 1-25 into this Count.

27. WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumer prays for relief against Full Warrantor for its written warranty breach, and for this breach Consumer seeks return of all monies paid toward the Motor Home, an award of diminution in value damages, any equitable relief to which Consumer may be entitled, any punitive damages levied against Full Warrantor for its deceptive actions herein, all attorney fees, expert fees and court costs incurred during the commencement and prosecution of this matter, and all other relief deemed just and appropriate by this Court.

### COUNT II
### VIOLATION OF 16 C.F.R § 700.5
### FULL WARRANTOR

28. Plaintiff hereby reincorporates by reference paragraphs 1-25 into this Count.

29. WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumer prays for relief against Full Warrantor for its violation of 16 C.F.R. § 700.5, and for this violation Consumer seeks return all monies paid toward the subject vehicle, an award of diminution in value damages, any equitable relief to which Consumer may be entitled,

any punitive damages levied against Full Warrantor for its deceptive actions herein, all attorney fees, expert fees and court costs incurred during the commencement and prosecution of this matter, and all other relief deemed just and appropriate by this Court.

### COUNT III
### VIOLATION OF 16 C.F.R. § 701.3
### FULL WARRANTOR

30.     Plaintiff hereby reincorporates by reference paragraphs 1-25 into this Count.

31.     WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumer prays for relief against Full Warrantor for its violation of 16 C.F.R. § 701.3, and for this violation Consumer seeks as an equitable remedy that Full Warrantor be *estopped* from disclaiming liability for any component parts warranted by entities other than Full Warrantor, and, that Full Warrantor be held to have adopted any warranties on said components pursuant to 16 C.F.R. § 700.4.

                                                     Respectfully Submitted,
                                                     **William Husko**

                                           By:  s/Marshall Meyers
                                                 Marshall Meyers
                                                 Attorney for Plaintiff

WEISBERG & MEYERS, LLC
2833 North Central Ave., #613
Phoenix, AZ 85004
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com