13016.642 PEW/NVW
1047355_1

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HUSKO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.   08 C 3603 |
| | ) | |
| MONACO COACH CORPORATION, | ) | Judge Kennelly |
| | ) | |
| *Defendant*. | ) | Magistrate Judge Schenkier |

## Monaco's Answer and Affirmative Defenses

Defendant, Monaco Coach Corporation, answers Plaintiff's Complaint, as follows:

### Preliminary Statement

1.   This is an action for actual damages for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. its governing regulations, 16 C.F.R. §700 et seq. and state warranty law.

**ANSWER**:   Monaco admits that plaintiff claims damages for breach of written warranty under of the Magnuson-Moss Warranty Act and for the alleged violation of certain C.F.R. provisions.  Monaco denies that plaintiff alleges a violation of the Magnuson-Moss Warranty Act and that he seeks damages under state warranty law.

### Jurisdiction and Venue

2.   Jurisdiction exists pursuant to 28 U.S.C. § 1331 because this cause involves a federal question pursuant to the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Jurisdiction is also conferred at 15 U.S.C. § 2310(d) as the amount in controversy exceeds fifty thousand dollars ($50,000.00). The amount in controversy exceeds $50,000.00 in terms of the

price of the Motor Home, including all collateral charges, diminished value of the Motor Home and incidental and consequential damages, that is, if Defendant was forced to accept return of the Motor Home, and received an offset for Plaintiff's use, the total amount Defendant would have to return would exceed fifty thousand dollars. Likewise, even if Defendant was not ordered to accept return of the Motor Home, Plaintiff's damages still exceed fifty thousand dollars as Defendant's limited remedy failed of its essential purpose, thereby entitling Plaintiff to diminished value and incidental and consequential damages, including but not limited to cover, loss of use, aggravation and inconvenience, the sum total of which exceeds fifty thousand dollars.

**ANSWER**: Monaco denies that jurisdiction is proper under 28 U.S.C. § 1331. Monaco lacks sufficient knowledge to admit or deny whether jurisdiction is proper under 15 U.S.C. § 2310(d) and all other allegations contained in this paragraph.

**Parties**

3.     Plaintiff, William Husko ("Consumer" or "Plaintiff"), is an individual who was at all times relevant hereto in the City of Wauconda, State of Illinois.

**ANSWER**: Monaco lacks sufficient knowledge or information to admit or deny the allegations of this paragraph.

4.     Defendant Monaco Coach Corporation ("Full Warrantor"[1]) is a foreign corporation authorized to do business in the State of Illinois and is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated Motor Homes and related equipment and services, such as written warranties. Full Warrantor supplies its products under its own brand name and provides services to the public at large through a system of authorized sales

---

[1] Meaning Monaco is the warrantor of the entire Motor Home, not that Monaco provided a full warranty as defined by 15 U.S.C. §2304.

1047355-1                                              2

and repair/service centers ("authorized agents").

**ANSWER**: Monaco admits that it is a foreign corporation authorized to do business in the State of Illinois and designs, assembles, distributes and warrants recreational vehicles, including motor homes. Monaco denies the remaining allegations of this paragraph.

## Allegations

5. On or about August 23, 2007, Consumer purchased a 2008 Beaver Contessa Pacifica ("Motor Home"), constructed, integrated and supplied by Full Warrantor, Identification No. 1RF49564483045993. Consumer's total financial commitment for this purchase was $569,498.89 inclusive of all collateral charges incurred at the time of purchase. *See* Purchase Order, attached [to plaintiff's complaint] as Exhibit "A."

**ANSWER**: Monaco denies that Exhibit "A" is a Purchase Order and that it is a true and complete copy of the document it purports to be. Monaco lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

6. In connection with Consumer's purchase of the Motor Home, Full Warrantor issued and supplied to Consumer its written warranty, which represented itself and was represented by Full Warrantor's authorized sales agents and advertisements as offering coverage on the entire Motor Home and all its parts, components and features, as well as other warranties fully outlined in Full Warrantor's warranty documents. Full Warrantor intended Consumer to view the fact the Motor Home was "warranted" as an assurance of the Motor Home's quality, thereby inducing Consumer's purchase.

**ANSWER**: Monaco denies the allegations of this paragraph.

7. Consumer did not separately negotiate the purchase and construction of the Motor Home and its components with any entity other than Full Warrantor and its agents. Full

Warrantor unilaterally selected, negotiated with and acquired all components for its Motor Home and then integrated said components into its final product, the 2008 Beaver Contessa Pacifica, which it supplied to Plaintiff as a fully completed and integrated product. Full Warrantor also modified components in its final product, including but not limited to the chassis, thereby taking full responsibility for the entire final product, including but not limited to all parts it installed, supplied, and modified.

**ANSWER**: Monaco denies the allegations of this paragraph.

8. After Consumer's purchase of the Motor Home, Full Warrantor completely disclosed the terms of its warranty; said terms were not an assurance of quality but rather attempted to limit Full Warrantor's warranty obligations to repair or replacement of defects in material and workmanship. Said warranty documents also contained various other terms not previously disclosed, negotiated or agreed to, including but not limited to limitations on damages for Full Warrantor's breach of warranty.

**ANSWER**: Monaco denies the allegations of this paragraph.

9. By inducing Consumer's purchase with a warranty attempting to limit Full Warrantor's warranty obligations to nothing but repair or replacement of parts defective in material and workmanship, Full Warrantor was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of a warranty restricted to repair or replacement of defective parts.

**ANSWER**: Monaco denies the allegations of this paragraph.

10. On or about the aforementioned date, Consumer took possession of the Motor Home and shortly thereafter experienced various defects and non-conformities within the same

that diminish its value and/or substantially impair its use and value to Consumer. These defects include, but are not limited to defective slides; defective climate control system; persistent air leaks/gaps; defective exterior and interior trim; persistent accumulation of standing water; defective roof; defective furniture/furnishings; defective fit and finish; defective seat belts; defective paint; persistent pulling; defective alarm; defective keyless entry; defective fiberglass; defective stereo system; defective piping/tubing; missing insulation; defective refrigerator; and, and, any other complaints actually made, whether contained on Full Warrantor's invoices or not.

  **ANSWER**: Monaco denies the allegations of this paragraph.

  11. For any defect repairable, Consumer provided Full Warrantor, through its authorized repair network and itself, a sufficient opportunity to repair the defects, non-conformities and conditions within the Motor Home and its components.

  **ANSWER**: Monaco denies the allegations of this paragraph.

  12. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Full Warrantor failed to do so and thus its warranty failed of its essential purpose.

  **ANSWER**: Monaco denies the allegations of this paragraph.

  13. Warrantor's failure to correct said defects violate Full Warrantor's statutory and common law duties to Consumer and the expectations created in its promotional documents and written warranty documents.

  **ANSWER**: Monaco denies the allegations of this paragraph.

  14. Consumer avers that as a result of the ineffective repair attempts made by Full Warrantor, the Motor Home cannot be utilized as intended by Consumer at the time of acquisition and that the use and value of the Motor Home has been diminished and/or

substantially impaired to Consumer.

**ANSWER**:   Monaco denies the allegations of this paragraph.

15.   Consumer relied on Full Warrantor's product advertisements (written, verbal, electronic and/or otherwise) regarding the length and duration of Full Warrantor's warranty and also relied on Full Warrantor's sales agent's representations regarding the same when deciding to purchase the Motor Home. Consumer also relied on Full Warrantor's statements or representations of general policy concerning customer satisfaction when deciding to purchase the Motor Home. Full Warrantor's failure to meet these statements or representations of general policy concerning customer satisfaction is a violation of 16 C.F.R. §700.5.

**ANSWER**:   Monaco denies the allegations of this paragraph.

16.   Full Warrantor's written warranty fails to identify in a single document all warrantors other than itself as required by 16 C.F.R. § 701.3. Full Warrantor's failure to identify in a single document all warrantors' other than itself constitutes an adoption of all other warranties as contemplated by 16 C.F.R. § 700.4.

**ANSWER**:   Monaco denies that 16 C.F.R. § 701.3 imposes obligations as plaintiff alleges and that plaintiff accurately defines said statutes.  Monaco further denies that the limited written warranty fails in any way to comply with any common law or statute.

17.   Full Warrantor knew that its written warranty did not warranty all component parts. Plaintiff was at all relevant times ignorant that Full Warrantor excluded many/all components from its warranty. Nonetheless, Full Warrantor through its actions described herein intended Plaintiff to believe it warranted the entire Motor Home including all component parts and/or Plaintiff had a reasonable right to believe Full Warrantor warranted the entire Motor Home including all component parts because of Full Warrantor's actions.

**ANSWER**:   Monaco denies the allegations of this paragraph.

18. Full Warrantor's distribution of the product with promotional documents bearing its name only and identifying all the components in the Motor Home yet failing to identify all other warrantors constitutes an affirmative representation that Full Warrantor was responsible for the Motor Home in its entirety and all components so identified. Full Warrantor's post-sale attempt to exclude components and responsibilities undertaken in pre-sale advertisements, documents, negotiations and representations are unconscionable, constitute a false promise or representation made in connection with the sale or advertisement of merchandise, and a deceptive warranty pursuant to 15 U.S.C. § 2310(c).

**ANSWER**:   Monaco denies the allegations of this paragraph.

19. Full Warrantor's written warranty is replete with limitations and disclaimers never make known to Consumer prior to sale. Full Warrantor's failure to disclose all its disclaimers and limitations prior to sale constitute a violation of 15 U.S.C. § 2302 and 16 C.F.R. § 702.3.

**ANSWER**:   Monaco denies the allegations of this paragraph.

20. Consumer provided Full Warrantor written notification of the defects within the Motor Home, Full Warrantor's statutory and common law violations, and Consumer's demand for compensation for the same on March 13, 2008. *See* Notice Letter, attached [to plaintiff's complaint] as Exhibit "B."

**ANSWER**:   Monaco admits that it received the letter attached as Exhibit "B" and that the letter made reference to alleged defects and various statutes.  Monaco denies that the letter provided a demand for compensation.

21. Full Warrantor refused Consumer's demand for compensation and has refused to provide Consumer with the remedies to which Consumer is entitled.

**ANSWER**:    Monaco denies the allegations of this paragraph.

22.    Consumer has been and will continue to be financially damaged due to Full Warrantor's conduct as described herein.

**ANSWER**:    Monaco denies the allegations of this paragraph.

23.    Consumer has met all obligations and preconditions as provided in Full Warrantor's warranty and by statute(s).

**ANSWER**:    Monaco lacks sufficient knowledge or information to either admit or deny the allegations of this paragraph.

24.    As a direct and proximate result of Full Warrantor's failure to comply with its statutory written, warranties, warranties, statutory obligations, and common law duties, Consumer has suffered damages and, in accordance with 15 U.S.C. §2310(d), Consumer is entitled to bring suit for such damages and other legal and equitable relief.

**ANSWER**:    Monaco denies the allegations of this paragraph.

25.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER**:    Monaco admits plaintiff demands a trial by jury.

## Count 1
### Magnuson-Moss Breach of Written Warranty

26.    Plaintiff hereby reincorporates by reference paragraphs 1-25 into this Count.

**ANSWER**:    Monaco hereby incorporates its answers to paragraphs 1-25.

27.    WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumer prays for relief against Full Warrantor for its written warranty breach, and for this breach Consumer seeks return of all monies paid toward the Motor Home, an award of diminution in value damages, any equitable relief to which Consumer may be entitled, any punitive damages levied against Full Warrantor for its deceptive actions herein, all attorney fees, expert fees and court costs incurred

during the commencement and prosecution of this matter, and all other relief deemed just and appropriate by this Court.

**ANSWER**: Monaco denies that plaintiff is entitled to any relief whatsoever, and prays that judgment be entered in its favor and against the plaintiff together with all taxable costs.

## Counts 2 and 3

28 – 31.    Monaco moves to dismiss counts 2 and 3 in lieu of answering.

## Affirmative Defenses

32.    Monaco effectively disclaims liability consequential or incidental damages in the Beaver Motorhome Limited Warranty. (Beaver Motorhome Limited Warranty Ex. 1).

33.    Monaco effectively disclaims liability for damages to material or workmanship damaged as a result of normal wear and usage, flaking, peeling and chips or other defects or damage in or to the exterior or finish caused by rocks or other road hazards or the environment. (Ex. 1).

34.    Plaintiff has failed to mitigate his alleged damages.

35.    Subject to further investigation and discovery, some or all of plaintiff's claims may be barred or limited as untimely.

Respectfully submitted,

**Segal McCambridge Singer & Mahoney, Ltd.**

By: ___/s/ Paul E. Wojcicki_____
Paul E. Wojcicki (ARDC #6202143)
Natacha D. von Will (ARDC #6284196)
Sears Tower – Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
*Attorneys for Monaco Coach Corporation*

# BEAVER MOTORHOME LIMITED WARRANTY

**WHAT THE PERIOD OF COVERAGE IS:**

This Limited Warranty provided by Beaver® ("Warrantor") covers those components, assemblies and systems of your new motorhome not excluded under the section "What is Not Covered" and when sold by an authorized dealer, for twelve (12) months from the original retail purchase date or the first 24,000 miles of use, whichever occurs first. However, this Limited Warranty provided by Warrantor covers the steel or aluminum frame structure, only, of the sidewalls (excluding slide outs), roof, and rear and front walls for sixty (60) months from the original retail purchase date or the first 50,000 miles of use, whichever occurs first. If you use your motorhome for any rental, commercial or business purposes whatsoever, the Limited Warranty provided by Warrantor covers your new motorhome when sold by an authorized dealer for ninety (90) days from the original retail purchase date or the first 24,000 miles of use, whichever occurs first. In addition, the Limited Warranty provided by Warrantor covers the steel or aluminum frame structure, only, of the sidewalls (excluding slide outs), roof, and rear and front walls for twelve (12) months from the original retail purchase date or the first 24,000 miles of use, whichever occurs first. A conclusive presumption that your motorhome has been used for commercial and/or business purposes arises if you have filed a federal or state tax form claiming any business tax benefit related to your ownership of the motorhome. The above Limited Warranty coverage applies to all owners, including subsequent owners, of the motorhome. However, a subsequent owner must submit a warranty transfer form by filing the form through an authorized Monaco dealer. A subsequent owner's warranty coverage period is the remaining balance of the warranty coverage period the prior owner was entitled to under this Limited Warranty. Warranty transfer forms can be obtained by contacting the Customer Relations Department. There is no charge for the transfer.

**LIMITATION AND DISCLAIMER OF IMPLIED WARRANTIES:**

IMPLIED WARRANTIES, IF ANY, ARISING BY WAY OF STATE LAW, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE TERM OF THIS LIMITED WARRANTY AND ARE LIMITED IN SCOPE OF COVERAGE TO THOSE PORTIONS OF THE MOTORHOME COVERED BY THIS LIMITED WARRANTY. WARRANTOR DISCLAIMS ALL IMPLIED AND EXPRESS WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ON COMPONENTS AND APPLIANCES EXCLUDED FROM COVERAGE AS SET FORTH BELOW. There is no warranty of any nature made by Warrantor beyond that contained in this Limited Warranty. No person has authority to enlarge, amend or modify this Limited Warranty. The dealer is not the Warrantor's agent but is an independent entity. Warrantor is not responsible for any undertaking, representation or warranty made by any dealer or other person beyond those expressly set forth in this Limited Warranty. Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

**WHAT THE WARRANTY COVERS:**

Warrantor's Limited Warranty covers defects in the manufacture of your motorhome and defects in materials used to manufacture your motorhome. "Defect" means the failure of the motorhome and/or the materials used to assemble the motorhome to conform to Warrantor's design and manufacturing specification and tolerances. Also see the section "What the Warranty Does Not Cover" set out below.

**WHAT WE WILL DO TO CORRECT PROBLEMS:**

Warrantor's sole and exclusive obligation is to repair and/or replace, at its option, any covered defect if: (1) you notify Warrantor or one of its authorized servicing dealers of the defect within the warranty coverage period and within five (5) days of discovering the defect; and (2) you deliver your Motorhome to Warrantor or Warrantor's authorized servicing dealer at your cost and expense. It is reasonable to expect some service items to occur during the warranty period. The performance of warranty repairs shall not extend the original warranty coverage period. Further, any performance of repairs after the warranty coverage period has expired or any performance of repairs to component parts and appliances that are excluded from coverage shall be considered "good will" repairs, which shall not alter the express terms of this limited warranty. If the repair or replacement remedy fails to successfully cure a defect after Warrantor received a reasonable opportunity to cure the defect(s), your sole and exclusive remedy shall be limited to Warrantor paying you the cost of having an independent third party perform repair(s) to the defect(s). Warrantor may use new and/or remanufactured parts and/or components of substantially equal quality to complete any repair. Defects and/or damage to interior and exterior surfaces, trim, upholstery and other appearance items may occur at the factory during manufacture, during delivery of the motorhome to the selling dealer or on the selling dealer's lot. Normally, any such defect or damage is detected and corrected at the factory or by the selling dealer during the inspection process performed by the Warrantor and the selling dealer. If, however, you discover any such defect or damage when you take delivery of the motorhome, you must notify your dealer or Warrantor within five days of the date of purchase to have repairs performed to the defect at no cost to you as provided by this Limited Warranty. If either three or more unsuccessful repair attempts have been made to correct any covered defect that you believe substantially impairs the value, use or safety of your motorhome, or repairs to any covered defect(s) which you believe substantially impairs the value, use or safety of your motorhome have taken 30 or more days to complete, you must, to the extent permitted by law, notify Warrantor directly in writing of the failure to successfully repair the defect(s) so that Warrantor can become directly involved in exercising a final repair attempt for the purpose of performing a successful repair to the identified defect(s).

**HOW TO GET SERVICE:**

The "Acknowledgement of Receipt of Warranty/Production Information" form must be returned to Warrantor promptly upon purchase to assure proper part replacement and repair of your motorhome. Failure to return the "Acknowledgement of Receipt of Warranty/Production Information" form will not affect your rights under the Limited Warranty so long as you can furnish proof of purchase. For warranty service simply contact one of Warrantor's authorized service centers for an appointment, then deliver your motorhome (at your expense) to the service center. If you need assistance in locating an authorized warranty service facility, contact Warrantor's Warranty Department (1-877-466-6226). The mailing address is:

**91320 Coburg Industrial Way**
**Coburg, Oregon 97408**

In the event the motorhome is inoperative due to malfunction of a warranted part, Warrantor will pay the cost of having the motorhome towed to the nearest authorized repair facility provided you notify Warrantor prior to incurring the towing charges to receive directions to the nearest repair facility. Because Warrantor does not control the scheduling of service work by its authorized servicing dealers, you may encounter some delay in scheduling and/or in the completion of the repairs.

**WHAT THE WARRANTY DOES NOT COVER:**

This Limited Warranty does not cover: any motorhome sold or registered outside of the United States or Canada; items which are added or changed after the motorhome leaves Warrantor's possession; items that are working as designed but which you are unhappy with because of the design; normal wear and usage, such as fading or discoloration of fabrics, or the effects of moisture inside the motorhome; defacing, scratching, dents and chips on any surface or fabric of the motorhome, not caused by Warrantor; owner maintenance, including by way of example wheel alignments and resealing exterior sealant areas; the automotive chassis and power train, including, by way of example the engine, drivetrain, steering and handling, braking, wheel balance, mufler, tires, tubes, batteries and gauges; appliances and components covered by their own manufacturer's warranty including, by way of example the microwave, refrigerator, ice maker, stove, oven, generator, roof air conditioners, hydraulic jacks, VCR, television(s), water heater, furnace, stereo, radio, compact disc player, washer, dryer, inverter and cellular phone; or flaking, peeling and chips or other defects or damage in or to the exterior or finish caused by rocks or other road hazards, the environment including airborne pollutants, salt, tree sap and hail. Component part and appliance manufacturers issue limited warranties covering those portions of the motorhome not covered by the Limited Warranty issued by Warrantor. To learn more on what specific component parts and appliances are excluded from the Limited Warranty issued by Warrantor please contact your selling dealership or Warrantor directly or review the warranty packet inside the Motorhome.

**EVENTS DISCHARGING WARRANTOR FROM OBLIGATION UNDER WARRANTY:**

Misuse or neglect, accidents, unauthorized alteration, failure to provide reasonable and necessary maintenance (see Owner's Manual), damage caused by off road use, collision, fire, theft, vandalism, explosions, overloading in excess of rated capacities, and odometer tampering shall discharge Warrantor from any express or implied warranty obligation to repair any resulting defect.

**DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES:**

THE ORIGINAL PURCHASER OF THE MOTORHOME AND ANY PERSON TO WHOM THE MOTORHOME IS TRANSFERRED, AND ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THE MOTORHOME, SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES RESULTING FROM ANY DEFECT IN THE MOTORHOME, INCLUDING BY WAY OF EXAMPLE FUEL AND TRANSPORTATION EXPENSES TO DELIVER THE PRODUCT TO THE SERVICING DEALER, HOTEL ROOMS, LOST WAGES AND MOISTURE DAMAGE SUCH AS MOLD AND MILDEW. THE EXCLUSION OF CONSEQUENTIAL AND INCIDENTAL DAMAGES SHALL BE DEEMED INDEPENDENT OF, AND SHALL SURVIVE, ANY FAILURE OF THE ESSENTIAL PURPOSE OF ANY LIMITED REMEDY. Some states do not allow the exclusion or limitation of consequential or incidental damages, so the above exclusions may not apply to you.

**LEGAL REMEDIES:**

THIS LIMITED WARRANTY DOES NOT "EXTEND TO FUTURE PERFORMANCE". ANY ACTION TO ENFORCE THIS LIMITED WARRANTY OR ANY IMPLIED WARRANTIES SHALL NOT BE COMMENCED MORE THAN 90 DAYS AFTER THE EXPIRATION OF THE ONE YEAR WARRANTY COVERAGE PERIOD DESIGNATED ABOVE. IF YOU USE YOUR MOTOR HOME FOR COMMERCIAL OR BUSINESS PURPOSES, ANY ACTION TO ENFORCE THIS LIMITED WARRANTY OR ANY IMPLIED WARRANTIES SHALL NOT BE COMMENCED MORE THAN ONE YEAR AFTER THE EXPIRATION OF THE NINETY (90) DAY WARRANTY COVERAGE PERIOD DESIGNATED ABOVE. THE PERFORMANCE OF REPAIRS SHALL NOT SUSPEND THIS LIMITATIONS PERIOD FROM EXPIRING. Some states do not allow the reduction in the statute of limitations, so the above reduction in the statute of limitations may not apply to you.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.

LARGER PRINT VERSION AVAILABLE WITHIN THE OWNERS MANUAL AND UPON REQUEST ADDRESSED TO YOUR SELLING DEALER OR WARRANTOR'S WARRANTY DEPARTMENT.

111506

13016.642 PEW/NVW<br>
1054412_1

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HUSKO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.   08 C 3603 |
| | ) | |
| MONACO COACH CORPORATION, | ) | Judge Kennelly |
| | ) | |
| *Defendant*. | ) | Magistrate Judge Schenkier |

**NOTICE OF FILING**

TO:  Daniel P. Evans, Esq.
     LARSEN LAW FIRM, P.C.
     161 N. Clark Street, #3575
     Chicago, IL 60601

   PLEASE TAKE NOTICE that on the **8th day of August, 2008**, we filed with the Clerk of the Circuit Court of Cook County, Illinois, Daley Center, Chicago, Illinois, **Defendant, Monaco Coach Corporation's Answer and Affirmative Defenses,** a copy of which is provided herein.

           Respectfully submitted,

           **Segal McCambridge Singer & Mahoney, Ltd.**


           By:   /s/ Paul E. Wojcicki
                **One of the Attorneys for Defendant,
                Monaco Coach Corporation**

Paul E. Wojcicki
Natacha von Will
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, #5500
Chicago, IL 60606
(312) 645-7800

989545-1

**PROOF OF SERVICE BY MAIL**

      I, the undersigned, being first duly sworn on oath, depose and state that a copy(ies) of the above-mentioned pleading(s) was/were served on the party(ies) as above-addressed, via the court's electronic website on this 8th day of August, 2008.

                                         /s/Michelle Torres
                                    Under penalties as provided by law pursuant to
                                    735 ILCS 5/1-109, I certify that the statements set
                                    forth are true and correct

Paul E. Wojcicki
Natacha von Will
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, #5500
Chicago, IL 60606
(312) 645-7800