13016.642 PEW/NVW
1054039_1

**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| WILLIAM HUSKO, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No. | 08 C 3603 |
| | ) | | |
| MONACO COACH CORPORATION, | ) | Judge Kennelly | |
| | ) | | |
| *Defendant*. | ) | Magistrate Judge Schenkier | |

## Monaco's Memorandum in Support of its Motion to Dismiss

## Overview

Plaintiff motor home purchaser's three-count complaint purports to state claims against Defendant Monaco Coach Corporation ("Monaco"). Count 1 alleges a breach of written warranty under the Magnuson-Moss Act ("the Act"), 15 U.S.C. § 2301, *et seq*. Counts 2 and 3 purport to allege violations two FTC promulgated under the Act, 16 C.F.R. § 700.5 ("Reg. 700.5") and 16 C.F.R. § 701.3, respectively. Counts 2 and 3 fail to state a claim and should be dismissed under Rule 12(b)(6), FED. R. CIV. PROC.

## Reg. 700.5

Reg. 700.5 interprets § 103 of the Act, 15 U.S.C. § 2303. Section 103(a) requires a warrantor to designate a written warranty covering a consumer product as either a "full (statement of duration) warranty" or a "limited warranty." *Id*. Section 103(b) exempts "statements or representations which are similar to expressions of general policy concerning customer satisfaction and which are not subject to any specific limitations" from § 103(a)'s

designation requirement, § 102's content requirements, and § 104's minimum standards for warranties. *id*. § 2303(b); *see also id*. §§ 2302 and 2304.   Section 103(b) applies "to such statements as 'satisfaction guaranteed or your money refunded,' where there is no other statement or limitation on the supplier's obligation."  H.R. Rep. No. 1107, 93d Cong., 1st Sess. (1974), *reprinted in* 2 Clark & Smith, THE LAW OF PRODUCT WARRANTIES at App. IV-18 (West 2002).  Reg. 700.5 provides:

> (a) Under section 103(b), statements or representations of general policy concerning customer satisfaction which are not subject to any specific limitation need not be designated as full or limited warranties, and are exempt from the requirements of sections 102, 103, and 104 of the Act and rules thereunder. However, such statements remain subject to the enforcement provisions of section 110 of the Act, and to section 5 of the Federal Trade Commission Act, 15 U.S.C. 45.
>
> (b) The section 103(b) exemption applies only to general policies, not to those which are limited to specific consumer products manufactured or sold by the supplier offering such a policy. In addition, to qualify for an exemption under section 103(b) such policies may not be subject to any specific limitations. For example, policies which have an express limitation of duration or a limitation of the amount to be refunded are not exempted. This does not preclude the imposition of reasonable limitations based on the circumstances in each instance a consumer seeks to invoke such an agreement. For instance, a warrantor may refuse to honor such an expression of policy where a consumer has used a product for 10 years without previously expressing any dissatisfaction with the product. Such a refusal would not be a specific limitation under this provision.

16 C.F.R. § 700.5.

The complaint's sole allegations relating to Reg. 700.5 state:  "Consumer also relied on Full Warrantor's statements or representations of general policy concerning customer satisfaction when deciding to purchase the Motor Home. Full Warrantor's failure to meet these statements or representations of general policy concerning customer satisfaction is a violation of 16 C.F.R. §700.5."  (Doc. 1 ¶ 15.)

2

## Reg. 701.3

Reg. 701.3 is the FTC rule implementing § 102 of the Act, 15 U.S.C. § 2302.  Section 102 governs the contents of written consumer product warranties and empowers the FTC to promulgate rules relating to the content and pre-sale availability of warranty terms and conditions.  *Id.*  Reg. 701.3 provides:

(a) Any warrantor warranting to a consumer by means of a written warranty a consumer product actually costing the consumer more than $15.00 shall clearly and conspicuously disclose in a single document in simple and readily understood language, the following items of information:

(1) The identity of the party or parties to whom the written warranty is extended, if the enforceability of the written warranty is limited to the original consumer purchaser or is otherwise limited to persons other than every consumer owner during the term of the warranty;

(2) A clear description and identification of products, or parts, or characteristics, or components or properties covered by and where necessary for clarification, excluded from the warranty;

(3) A statement of what the warrantor will do in the event of a defect, malfunction or failure to conform with the written warranty, including the items or services the warrantor will pay for or provide, and, where necessary for clarification, those which the warrantor will not pay for or provide;

(4) The point in time or event on which the warranty term commences, if different from the purchase date, and the time period or other measurement of warranty duration;

(5) A step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation, including the persons or class of persons authorized to perform warranty obligations. This includes the name(s) of the warrantor(s), together with: The mailing address(es) of the warrantor(s), and/or the name or title and the address of any employee or department of the warrantor responsible for the performance of warranty obligations, and/or a telephone number which consumers may use without charge to obtain information on warranty performance;

(6) Information respecting the availability of any informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter;

(7) Any limitations on the duration of implied warranties, disclosed on the face of the warranty as provided in section 108 of the Act, accompanied by the following statement:

Some States do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

(8) Any exclusions of or limitations on relief such as incidental or consequential damages, accompanied by the following statement, which may be combined with the statement required in paragraph (a)(7) of this section:

Some States do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

(9) A statement in the following language:

This warranty gives you specific legal rights, and you may also have other rights which vary from State to State.

(b) Paragraphs (a)(1) through (9) of this section shall not be applicable with respect to statements of general policy on emblems, seals or insignias issued by third parties promising replacement or refund if a consumer product is defective, which statements contain no representation or assurance of the quality or performance characteristics of the product; *Provided* That: (1) The disclosures required by paragraphs (a)(1) through (9) of this section are published by such third parties in each issue of a publication with a general circulation, and (2) such disclosures are provided free of charge to any consumer upon written request.

16 C.F.R. § 701.3.

In support his claim under Reg. 703.1, plaintiff alleges: "Full Warrantor's written warranty fails to identify in a single document all warrantors other than itself as required by 16 C.F.R. § 701.3. Full Warrantor's failure to identify in a single document all warrantors' other than itself constitutes an adoption of all other warranties as contemplated by 16 C.F.R. § 700.4." (Doc. 1 ¶ 16.)

## Argument

To survive a motion under Rule 12(b)(6), FED. R. CIV. PROC., a complaint must contain more than "labels and conclusions, [or] a formalistic recitation of the elements of a cause of

4

action." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65 (2007). Rather, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* 127 S.Ct. at 1965;[1] *Zaro v. Maserati North America, Inc*., 2007 U.S. Dist. LEXIS 900137, *3-*4 (N.D.Ill. 12/6/07). So while a court faced with a Rule 12(b)(6) motion must accept well-pleaded facts as true, *Voelker v. Porsche Cars North America, Inc*., 353 F.3d 516, 520 (7th Cir.2003), it "need not accept as true legal conclusions or unwarranted factual inferences," *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir.2002).

## 1. Plaintiff Does Not and Cannot State a Claim Under Reg. 700.5.

### A. Reg. 700.5 Does Not Impose Requirements Capable of Being Violated.

Reg. 700.5 does give rise to an independent cause of action.[2] The provision merely sets out the FTC's reading of § 103 of the Act. It does nothing more than articulate the FTC's general understanding of the type and nature of representations and statements exempt from § 103's designation requirements ("full" or "limited" warranty), § 102's content requirements, and § 104's minimum standards. This section does not impose requirements capable of being violated.[3]

### B. Plaintiff Does Not Allege Facts.

Plaintiff does not identify specific "statements or representations of general policy

---

[1] *Bell Atlantic* expressly rejects the oft-cited statement form *Conley v. Gibson*, 355 U.S. 41, 47 (1957), that a complaint should not be dismissed under Rule 12(b)(6) unless the plaintiff can prove "no set of facts" entitling it to relief. *Bell Atl. Corp.*, 127 S.Ct. at 1969.

[2] In *Sennett v. Fleetwood Motor Homes of California, Inc*., a district court rejected a claim under Reg. 700.5 because "[p]laintiff … cited no authority that this regulation provides a cause of action separate from her MMWA claims." 2006 WL 1544373 *9 (D. Ariz. 6/2/06).

[3] Plaintiff, moreover, does not allege that Monaco violated § 103(a) by failing designate a statement or representation of general policy subject to specific limitations as a written warranty and so does not allege a violation of the Act actionable under § 110(d). Section 110(d) provides, in relevant part, that "a consumer who is damaged by the failure of a supplier [or] warrantor … to comply with any obligation under [the Act], or under a written warranty [or] implied warranty … may bring suit for damages and other legal and equitable relief …" 15 U.S.C. § 2310(d).

5

concerning customer satisfaction" that Monaco made and upon which he purportedly relied. Instead, he merely parrots the regulation's language. (Doc. 1 ¶ 15.) Plaintiff's failure to provide some factual basis for this claim requires that it be dismissed. *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65.

Count 2 fails to state a claim and should be dismissed.

## 2. Reg. 701.3 Does Not Impose the Duty Alleged.

Reg. 701.3's plain language and cases construing it refute plaintiff's assertion that it requires a warrantor to identify all parties extending a written warranty applicable to a consumer product in a single document. *Bailey v. Monaco Coach Corporation*, 350 F.Supp.2d 1036, 1042 (N.D.Ga. 2004); *Long v. Monaco Coach Corporation*, 2006 U.S.Dist. Lexis 62088 *24 n. 13 (E.D.Tenn. 8/31/06). Plaintiff's assertion implicates subsections (a)(2) and (a)(5) of Reg. 701.3. Subsection (a)(2) requires that "any warrantor warranting" a consumer product under a written warranty provide "a clear description and identification of the products, *or parts, or characteristics, or components or properties covered*" or excluded from coverage under *its* warranty. 16 C.F.R. § 701.3(a)(2). A warrantor complies with this requirement where it defines the categories of items excluded under its warranty. *Bailey*, 350 F.Supp.2d at 1042; *Long*, 2006 U.S.Dist. Lexis 62088 *24 n. 13. The text of § 701.3(a)(2) allows for, if not clearly contemplates, multiple written warranties applicable to different "parts, or characteristics, or components or properties" of a single consumer product. Courts construe subsection (a)(5) to require "the inclusion of the name and contact information for the warrantor or warrantors responsible for providing coverage under that specific warranty. There is not a requirement that information pertaining to warrantors of excluded parts also be included." *Bailey*, 350 F.Supp.2d at 1042; *Long*, 2006 U.S.Dist. Lexis 62088 *24 n. 13. In light of Reg. 701.3's text and cases

6

construing it, count 3 should be dismissed with prejudice.

## Conclusion

For the reasons stated, Defendant Monaco Coach Corporation prays that counts 2 and 3 of plaintiff's complaint be dismissed under Rule 12(b)(6), FED. R. CIV. PROC.

Respectfully submitted,

### Segal McCambridge Singer & Mahoney, Ltd.

By: __/s/ Paul E. Wojcicki_____
     Paul E. Wojcicki
     Natacha D. von Will
     Sears Tower – Suite 5500
     233 S. Wacker Drive
     Chicago, Illinois 60606
     (312) 645-7800
     *Attorneys for Monaco Coach Corporation*